### 11085

### GIBSON v. HAYNIE, COUNTY TREASURER
#### (115 S. E., 298)

TAXATION—INCREASE OF VALUATION WITHOUT NOTICE AND OPPORTUNITY TO APPEAL ERRONEOUS.—Where the assessed valuation of property for taxation is increased without notice to the owner, it is error to force collection of the increased taxes before allowing him an opportunity to appeal to the tax board of review (Act. Feb. 25, 1916 [29 St. at Large, p. 961] § 12), though it is contended that the increased assessment is so much less than the actual value of the property that the owner was not prejudiced by failure to give notice; that being a mere assumption of a fact, which the owner is entitled to have tried on proper notice by the board of review.

Before GARY J., Florence. November, 1921. Affirmed.

Action by R. A. Gibson as administrator D. B. N., C. T. A. of N. S. Gibson, deceased, against Charles T. Haynie, as

Treasurer of Florence County.   Judgment for plaintiff and defendant appeals.

*Mr. P. H. Arrowsmith,* for appellant, cites: *Law requires return of land at actual value:* 1 Civ. Code 1912, Sec. 379.   *Return must be made on prescribe form:*   Id., Secs. 295, 300.

*Mr. L. D. Lide,* for respondent, cites: *Provisions regulating notice to taxpayer where assessment is raised:* 1 Civ. Code 1912, Secs. 416–439; Acts 1915, p. 125, Sec. 8; Acts 1916, p. 959; 35 S. C., 229; 113 S. C., 372; U. S. Adv. Ops. 1920–1921, p. 23.

December 29, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an appeal from an order made by his Honor Frank B. Gary, presiding in the Court of Common Pleas for Florence County, where his Honor ordered judgment for the plaintiff as prayed for in the complaint.

"The action was to recover taxes paid under protest because of the failure on the part of the taxing authorities to comply with the requirements of the Statute in raising the assessment upon the lands of plaintiff.   The facts are as follows:

"The plaintiff alleged in her complaint that she owned 1,100 acres of cleared land and 1,159 acres of woods and swamp lands, making a total of 2,259 acres of land, with 23 buildings thereon, all of which plaintiff returned for taxation to the Auditor of Florence County during the year 1918 at a valuation of $13,000.   Thereafter, without notice to the plaintiff, this assessment was raised to $34,710, which increase plaintiff discovered for the first time in December, 1918, when she went to pay her taxes.   Plaintiff paid her taxes under protest and brought this suit to recover the

taxes charged and paid on the increased valuation, to wit, $488.47.

"The defendant, County Treasurer, filed his answer alleging that the return made by the plaintiff was grossly under the real value of the property in question and out of proportion to surrounding and adjacent properties as well as far below the value, for tax purposes, obtaining in Jeffries township, and then by direction of the State Tax Commission the County Board of Equalization directed the township assessors and County Auditor to increase the value of said premises and all other lands in said township, on an equal basis, to 42 per cent. of the actual cash value, which was done, and denied plaintiff's right to recover.

"Under an order of reference the following proceedings were had: A jury trial in the above-stated case having been waived, the cause was referred to H. A. Brunson, Esq., Judge of Probate, Acting Master, to take the testimony. The cause was this day heard by me upon the testimony so taken and the pleadings herein. After hearing argument of counsel for the respective parties, I am of opinion that the plaintiff is entitled to the relief sought.

"I find from the testimony that the taxes in question were wrongfully and illegally collected, because no notice whatever was given to the plaintiff of the increase in the assessed valuation of the real property described in the complaint. The sum of $488.47 collected by the defendant as Treasurer of Florence County was therefore wrongfully collected and ought to be refunded, and I hereby so certify. It is therefore ordered that the plaintiff have judgment against the defendant for the sum of $488.47."

The defendant appealed on the following exceptions:

"His Honor erred, it is respectfully submitted, in holding that the failure of the taxing authorities to give notice invalidated the increase in assessment when the evidence.

showed conclusively that such absence of notice did not injure or damage plaintiff, that:

"(a) Plaintiff's return valued the land in question at $13,000.

"(b) The County Board of Equalization assessed said lands at $34,710.

"(e) The lowest valuation placed upon said premises by witnesses in this case was $60,000.

"(d) The reasonable valuation of said premises was $110,000 for the cleared land and $11,590 for the woods land, or a total actual value of $121,590; and thus it conclusively appears that the assessment upon which plaintiff paid was so very greatly less than actual value that she has not been injured by the failure of the taxing authorities to give notice."

It is conceded that the plaintiff did not have such notice as was required by law that the assessed value of his property for taxation had been increased. It was therefore error to force the collection of the increased taxes before allowing him an opportunity to appeal to the tax board of review. Section 12, Acts 1916, p. 961; *Oates v. Fountain,* 113 S. C., 372; 101 S. E., 830; *Turner v. Wade,* 254 U. S., 64; 41 Sup. Ct., 27; 65 L. Ed., 134.

The only ground upon which the appellant relies for a reversal is that the assessment upon which plaintiff paid was so greatly less than the actual value of the property that she was not prejudiced by the failure to give the notice required by the Statute.

This is the mere assumption of a fact which the plaintiff was entitled to have tried, upon proper notice, by the board of review.

Affirmed.