### 23261

John R. LINDSEY, as Assessor for Charleston County, Appellant v. The SOUTH CAROLINA TAX COMMISSION, Charleston County Board of Assessment Appeals and Commonwealth II, a South Carolina Limited Partnership, Respondents.

(395 S.E. (2d) 184)

Supreme Court

*A. Arthur Rosenblum*, Charleston, *for appellant.*

*Chief Deputy Atty. Gen. Joe L. Allen, Jr., Asst. Atty. Gen. Ronald W. Urban*, Columbia, *for S.C. Tax Comm'n.*

*Henry B. Smythe, Jr.* and *Ben A. Hagood, Jr.*, Charleston, *for Commonwealth II.*

Heard May 8, 1990.

Decided Aug. 27, 1990.

GREGORY, Chief Justice:

This appeal involves the valuation of real property for the 1987 tax year. We affirm.

On December 31, 1986,[1] respondent Commonwealth II (Taxpayer) owned a 72.882 acre tract of land in Charleston County that was divided into fifty-three lots. The county conditionally approved a subdivision plat in October 1986. The subdivision was unfinished as of December 31st and was not authorized for occupancy until final approval by the county which did not occur until 1987.

Appellant (Assessor) valued the entire tract by totalling the asking prices for the fifty-three lots. Taxpayer appealed to the County Board of Assessment Appeals (Board) claiming the entire tract should be valued as raw land because the subdivision was not completed in December 31, 1986. The Board rejected both Assessor's and Taxpayer's valuations. It used the raw land valuation and added the value of improvements completed pursuant to Taxpayer's construction contract for roads and utilities in the subdivision.

Assessor appealed to respondent South Carolina Tax Commission (Commission). The Commission affirmed the Board's ruling. Assessor petitioned for review under S.C. Code Ann. § 1-23-380 (1986) (Administrative Procedures Act). The circuit court affirmed the Commission's ruling. Assessor now appeals to this Court.

Assessor contends his method of valuation is mandated by S.C. Code Ann. § 12-43-224 (Supp. 1989). This statute, entitled "Assessment of undeveloped acreage subdivided into lots," provides in pertinent part:

> Notwithstanding the requirement that real property is required by law to be appraised at fair market value for ad valorem tax purposes, *when undeveloped acreage is surveyed into subdivision lots and the conditional or final plat is recorded with the appropriate county*

---

[1] The pertinent date to determine the value of property for a given tax year is December 31st of the preceding year. S.C. Code Ann. § 12-37-900 (1976); *Atkinson Dredging Co. v. Thomas,* 266 S.C. 361, 223 S.E. (2d) 592 (1976).

*official, the county assessor shall appraise each lot as an individual property* and then discount his gross actual market value estimate of the developer's lot holdings under the following [three] conditions . . .

Platted lots shall not come within the provisions of this section unless the owners of such real property or their agents make written application therefore on or before May 1st of the tax year in which the multiple lot ownership discounted value is claimed. (Emphasis added.)

This statute does not mandate the method of valuation referred to in its initial paragraph as Assessor would have us hold. By express provision, application of § 12-43-224 hinges on the taxpayer's application for a discount. Here, no application was made. We therefore decline to hold § 12-43-224 applies in this case.

We dispose of Assessor's remaining exceptions pursuant to Supreme Court Rule 23. The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.