23277

John R. LINDSEY, as Assessor for Charleston County, Appellant v. The SOUTH CAROLINA TAX COMMISSION, Charleston County Board of Assessment Appeals, Tamsburg and Lane Company, A Partnership, Joseph L. Tamsburg, Jr., and Robert C. Lane, Respondents.

(397 S.E. (2d) 95)

Supreme Court

---

A. *Arthur Rosenblum, Charleston County Atty.*, Charleston, *for appellant.*

*Chief Deputy Atty. Gen. Joe L. Allen, Jr.*, and *Asst. Atty. Gen. Ronald W. Urban*, Columbia, *for respondent South Carolina Tax Com'n.*

*John C. von Lehe, Jr.*, Charleston, *for respondents Tamsburg* and *Lane, et al.*

Heard May 8, 1990.

Decided Oct. 8, 1990.

GREGORY, Chief Justice:

This appeal involves the valuation of real property for the 1987 tax year. We affirm.

The real property in question consists of forty-five units in a multi-family dwelling. Each unit is titled individually in the name of respondent Lane, respondent Tamsburg, or in the name of their partnership, respondent Tamsburg and Lane Company (Taxpayers).

Appellant (Assessor) valued the forty-five units by assessing each unit as a separate townhouse for a total assessment of $1,693,000. Taxpayers appealed to the County Board of Assessment Appeals (Board of Appeals) on the ground the units should be valued together as an apartment complex for an assessed value of $1,062,000. The Board of Appeals disagreed with Taxpayers and ruled the property should be valued as townhouses. It rejected Assessor's valuation, however, and reduced the assessment on each unit. Assessor appealed to respondent South Carolina Tax Commission. Taxpayers did not appeal.

The Tax Commission reversed the Board of Appeals' ruling and held the property should be assessed as an apartment complex. It remanded the matter to Assessor to make the appropriate valuation. Assessor then appealed to the circuit court under the Administrative Procedures Act (APA). The circuit court affirmed the Tax Commission's ruling. Assessor now appeals to this Court.

Assessor claims the Tax Commission cannot find facts and is limited to a review of errors of law. He claims since the Board of Appeals found the property should be valued as townhouses and Taxpayers did not appeal this finding, the Tax Commission could not find the units should have been valued as an apartment complex.

Under the APA, a statewide administrative agency that is authorized to make rules or determine contested cases is the fact-finder for purposes of judicial review. S.C. Code Ann. §§ 1-23-310(1) and -380(g) (1986); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The Tax Commission, among its many enumerated powers, is statutorily empowered to examine alleged improper assessments and order the reassment of property. S.C. Code Ann. §

12-3-140(10) and (15) (1976). It is also statutorily empowered to take evidence. S.C. Code Ann. § 12-3-140(7), (8), and (9) (1976). A property owner or a county assessor may appeal the assessment of a county board of appeals to the Tax Commission. 27 S.C. Code Ann. Regs. 117-4 (Supp. 1989). After a hearing, the Tax Commission issues its finding in such an appeal based upon the arguments and evidence before it. *Id.* Such an appeal is a "contested case" under the APA. S.C. Code Ann. § 1-23-310(2) (1986). In this case, the Tax Commission is therefore the fact-finder for purposes of judicial review.[1]

Assessor claims the circuit court erred in affirming the Tax Commission's valuation of the units as an apartment complex because if did not value the property at its highest and best use. S.C. Code Ann. § 12-37-930 (Supp. 1989) provides:

> All property shall be valued for taxation at its true value in money which in all cases shall be held to be the price which the property would bring following reasonable exposure to the market, where both the seller and the buyer are willing, are not acting under compulsion, and are reasonably well informed as to the uses and purposes for which it is adapted and for which it is capable of being used.

Fair market value is the measure of value for taxation purposes under this statute. *See South Carolina Tax Comm'n v. South Carolina Tax Board of Review*, 287 S.C. 415, 339 S.E. (2d) 131 (Ct. App. 1985) (constructing § 12-37-930 to equate value for taxation purposes with value for sales purposes); *see also* S.C. Code Ann. § 12-43-220 (1976 and Supp. 1989) (real property is taxed on an assessment equal to a percentage of its fair market value).

The record here includes evidence the units were individually deeded only to obtain financing which was not otherwise

---

[1] Here, because the Tax Commission decreased the assessment, there is no right of appeal to the Tax Board of Review. *Cf.* S.C. Code Ann. § 12-5-50 (1976); *Gibson v. Haynie*, 122 S.C. 216, 115 S.E. 298 (1922). In a case where the county board of appeals' assessment is increased and appeal is taken to the Tax Board of Review, the fact-finder is that agency. *Owen Steel Co., Inc. v. South Carolina Tax Commission*, 281 S.C. 80, 313 S.E. (2d) 636 (1984).

available. The units were contiguous and were operated by an apartment manager on a short-term rental basis. The operation was losing money but Taxpayers never attempted to sell the units individually because inferior locale, lack of amenities, and location of the forty-five units in a large apartment complex made them unmarketable as townhouses. Because there is substantial evidence supporting the Tax Commission's finding of fair market value based on the property's use as an apartment complex, we find no error. *See Lark v. Bi-Lo, Inc., supra.*

Finally, Assessor claims the forty-five units cannot be assessed as one property because they are owned individually by different taxpayers. Title, however, is not the determining factor in valuation. For example, when two individuals own separable interests in one piece of property as tenants in common, valuation of the property for tax purposes still depends upon fair market value of the property as provided in § 12-37-930. Use and not title is the determining factor.

We dispose of Assessor's remaining exceptions under Supreme Court Rule 23. The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.