737 S.E.2d 628

**HAMPTON FRIENDS OF the ARTS, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Respondent.**

Appellate Case No. 2011–190669.

No. 27215.

Supreme Court of South Carolina.

Heard Dec. 5, 2012.

Decided Feb. 6, 2013.

Marion C. Fairey, Jr., of Hampton, for Appellant.

Milton G. Kimpson, Harry T. Cooper, Jr., and Sean G. Ryan, all of Columbia, for Respondent.

Kenneth N. Shaw, Seth Swan and Benton D. Williamson, all of Haynsworth Sinkler Boyd, PA, for Amicus Curiae Girl Scouts of South Carolina–Mountains to Midlands, Inc.

Justice KITTREDGE.

This direct appeal presents the question of when tax liability for property is determined. Appellant Hampton Friends of the Arts is a non-profit eleemosynary corporation whose main purpose is to promote the arts in Hampton County, South Carolina. Appellant challenges the Administrative Law Court's (ALC) finding that real property it acquired in March 2008 was subject to 2008 property taxes because the property was subject to taxes on December 31, 2007. Appellant contends that, as a non-profit corporation, it was entitled to a property tax exemption for the 2008 tax year. We disagree and affirm the ALC.

## I.

In March 2008, Appellant purchased real property in Hampton County. It is undisputed that prior to Appellant's purchase, the property was subject to property taxes on December 31, 2007.

The seller, which owned the property on December 31, 2007, paid only a pro-rata portion of the 2008 property taxes, although it was statutorily responsible for all of the 2008 taxes. Appellant received a letter from the Hampton County Administrator in June 2009 which erroneously informed Appellant that it was responsible for the 2008 property taxes. Appellant, believing it was responsible for a portion of the 2008 taxes, sought an exemption as a non-profit corporation.[1] The Department of Revenue (DOR) denied an exemption for the 2008 property taxes, but approved an exemption for the 2009 property taxes and subsequent years. At some point in the process, Appellant tendered to Hampton County under protest what it believed was its pro-rata share of the property taxes and penalties for the 2008 tax year.

In response to Appellant's protest, DOR issued a final agency determination finding that the property was not exempt from ad valorem property taxes for the 2008 tax year. DOR explained that the tax status of property is determined by the status of the owner of record as of December 31st of the preceding year. Because the property was owned by a non-exempt entity and therefore was subject to taxation on December 31, 2007, DOR determined the property was not exempt from the 2008 property taxes.

Appellant appealed DOR's determination to the ALC.[2] The ALC affirmed DOR's determination that Appellant was not entitled to an exemption for its portion of the 2008 property taxes. The ALC concluded the pertinent date for determining whether a property may be taxed is December 31st of the previous year. Additionally, the ALC held that the owner of the property as of December 31, 2007, was statutorily liable

---

1. Section 12–37–220(A)(4) of the South Carolina Code states that "all property of all charitable trusts and foundations used exclusively for charitable and public purposes" is exempt from ad valorem taxation.

2. Hampton County was not made a party to this action.

for the ad valorem property taxes for the 2008 year. Thus, the ALC held Appellant was not statutorily liable for the 2008 property taxes.

This appeal is now before this Court. A reviewing court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law. S.C.Code Ann. § 1–23–610(B)(a), (d) (Supp.2011).

## II.

Appellant contends that if property is acquired by a non-profit corporation prior to ad valorem taxes actually being levied, the property is exempt from that tax year. Thus, Appellant avers that, because it acquired the property prior to the tax levy for the 2008 tax year, the property became exempt and no tax is owed. We disagree, for the law is clear that property tax liability is determined as of December 31st of the preceding year, regardless of a subsequent transfer to an exempt corporation or when the tax was actually levied.

The South Carolina statutory scheme generally determines tax liability on property owned as of December 31st of the preceding year. *See* S.C.Code Ann. § 12–37–610 (2000) (stating each person is liable to pay taxes and assessments on real property that he owns as of December 31st of the year preceding the tax year); S.C.Code Ann. § 12–37–900 (requiring taxpayers to deliver to the county a statement of all real estate possessed or controlled on December 31st of the previous year); S.C.Code Ann. § 12–49–20 (providing a lien shall attach to real property on December 31st of the previous year for taxes to be paid during the ensuing year); *see also Lindsey v. S.C. Tax Comm'n,* 302 S.C. 274, 275, 395 S.E.2d 184, 186 n. 1 (1990) ("The pertinent date to determine the value of property for a given tax year is December 31st of the preceding year."). Thus, we find the statute's plain language ends the inquiry. *See Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute.").

Appellant's reliance on *Town of Myrtle Beach v. Holliday* is misplaced. 203 S.C. 25, 26 S.E.2d 12 (1943). In *Holliday,* the Horry County tax collector unsuccessfully sought to assess

property taxes against real and personal property acquired by the town of Myrtle Beach. *Holliday* is limited to governmental acquisitions. *Id.* at 14 (holding that taxes assessed against property for the year in which it is acquired by a political subdivision of the state and being used for public purposes cease to be collectible). Furthermore, we reject any suggestion that *Holliday's* reach extends beyond government entities to include private, non-profit corporations. *See id.* (noting exemptions of the property of municipal corporations are liberally construed because it has never been the policy of this state to tax its own agencies and instrumentalities of government).

We further note that in 1999, the legislature amended section 12–37–220 to add subsection (D), which mandates that when a church acquires property, such property immediately becomes exempt from taxation. Thus, subsection (D) grants churches the very exemption Appellant now seeks. If *Holliday* had the expansive reach Appellant urges, then there would have been no need for the legislature to enact subsection (D). Thus, we reject Appellant's expansive interpretation of *Holliday*. *See Hodges v. Rainey*, 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000) (stating "[t]he canon of construction 'expressio unius est exclusion alterius' or 'inclusio unius est exclusion alterius' holds that 'to express or include one thing implies the exclusion of another, or of the alternative[ ]' " (quoting Black's Law Dictionary 602 (7th ed.1999))).

Pursuant to settled law, the 2008 tax status of the Hampton County property was determined on December 31, 2007. Because the property was subject to property taxes as of December 31, 2007, the property is subject to 2008 property taxes. We therefore affirm the ALC.[3]

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.

---

3. Appellant alternatively seeks a refund of the 2008 taxes it paid to Hampton County because it was not the owner of the property as of December 31, 2007. Although the ALC correctly held, and the parties have stipulated, that Appellant was not statutorily responsible for the 2008 property taxes, Appellant's basis for protesting its tax liability was

an exemption as a non-profit, not an assertion regarding lack of
ownership as of December 31, 2007. Thus, we find the issue of
Appellant's entitlement to a refund based upon lack of ownership is not
preserved for appellate review. *See Brown v. S.C. Dep't of Health &
Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (noting
an appellate court may not consider issues not raised to and ruled upon
by the ALC). Accordingly, we do not reach this issue. We emphasize,
however, that our refusal to address the refund issue is without preju-
dice to whatever rights Appellant may have, if any, to seek relief in
connection with the 2008 taxes paid to Hampton County.