**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Charleston County Assessor, Appellant,

v.

LMP Properties, Inc., Respondent.

Appellate Case No. 2013-002264

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2015-UP-303
Heard April 16, 2015 – Filed June 24, 2015

**AFFIRMED**

Bernard E. Ferrara, Jr., Joseph Dawson, III, Bradley Allen Mitchell, and Austin Adams Bruner, all of the Charleston County Attorney's Office, of North Charleston, for Appellant.

Stanley Clarence Rodgers, of the Law Office of Stanley C. Rodgers, LLC, of Charleston, for Respondent.

**PER CURIAM:** The Charleston County Assessor (Assessor) appeals the administrative law court's (ALC) order valuing 121 units (the Units) on a piece of

property owned by LMP Properties, Inc. (LMP) at $8,565,000 for the 2008 tax year. Assessor argues the ALC erred in (1) finding condominiums were not the highest and best use of the Units, (2) calculating the market value of the Units when used as condominiums, and (3) construing our supreme court's holding in *Lindsey v. South Carolina Tax Commission*, 302 S.C. 504, 508, 397 S.E.2d 95, 97 (1990), to stand for the proposition that use is the determining factor in property valuation. We affirm.

As to whether the ALC erred in finding condominiums were not the highest and best use of the Units, we find substantial evidence supports the ALC's finding that condominiums were not a financially feasible use of the Units. Specifically, LMP's expert's testimony supports the conclusion that—based on the depressed market for condominiums in Charleston in 2007—condominiums were not a financially feasible use of the Units. Because condominiums were not a financially feasible use of the Units, condominiums could not be the highest and best use of the Units. Moreover, we find substantial evidence supports the ALC's finding that apartments were the highest and best use of the Units. *See Taylor v. Aiken Cnty. Assessor*, 402 S.C. 559, 561, 741 S.E.2d 31, 32 (Ct. App. 2013) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." (alteration in original) (citation and internal quotation marks omitted)); *Hull v. Spartanburg Cnty. Assessor*, 372 S.C. 420, 424, 641 S.E.2d 909, 911 (Ct. App. 2007) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981))); *Charleston Cnty. Assessor v. LMP Props., Inc.*, 403 S.C. 194, 198, 743 S.E.2d 88, 90 (Ct. App. 2013) (stating under the Appraisal Institute's methodology, "a property's highest and best use must be physically possible, legally permissible, financially feasible, and maximally profitable" (internal quotation marks omitted)).

Because we find substantial evidence supports the ALC's holding that condominiums were not a financially feasible use of the Units, we do not reach the issue of whether the ALC improperly valued the Units when used as condominiums or whether the ALC erred in its application of the holding in *Lindsey*. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when determination of a prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**