The STATE, Appellant,

v.

Steven Hoss WALTERS, Jr., Respondent.

Appellate Case No. 2014–002770
Opinion No. 5443

Court of Appeals of South Carolina.

Heard September 8, 2016
Filed September 28, 2016
Rehearing Denied November 17, 2016

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Appellant.

James W. Boyd, of James W. Boyd, Attorney, of Rock Hill, for Respondent.

LOCKEMY, C.J.:

The State appeals the circuit court's dismissal of its case against Steven Hoss Walters, Jr. for driving under the influence (DUI), second offense. The State argues the circuit court erred in finding (1) the video recording of the incident site failed to comply with the requirements of section 56–5–2953(A) of the South Carolina Code (Supp. 2015) and (2) section 56–5–2953(B) of the South Carolina Code (Supp. 2015) was not applicable. We reverse and remand.

**FACTS/PROCEDURAL BACKGROUND**

On July 13, 2014, Walters was arrested for DUI in York County. On that date, Trooper Mike McAdams, the arresting officer, administered a horizontal gaze nystagmus (HGN) test. While his dashboard camera was recording, Trooper McAdams positioned Walters in front of his patrol car facing away from the camera and conducted the test. According to Trooper McAdams, Walters was turned away from the patrol car to prevent the flashing lights from causing a false positive on the HGN test.

On December 16, 2014, this case proceeded to trial in the circuit court. During a pretrial hearing, the circuit court dismissed the case, finding the video recording did not comply with section 56-5-2953(A) of the South Carolina Code (Supp. 2015) because it did not fully show the administration of the HGN test. The court found because Walters was facing away from the camera, it could not determine whether Trooper McAdams and Walters were in the proper position or whether Trooper McAdams was moving his finger at the proper pace. The circuit court further held section 56-5-2953(B) of the South Carolina Code (Supp. 2015) did not apply because the video recording was not missing or malfunctioning. This appeal followed.

**STANDARD OF REVIEW**

"In criminal cases, the appellate court sits to review errors of law only." *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Therefore, this court is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law. *State v. Laney*, 367 S.C. 639, 643–44, 627 S.E.2d 726, 729 (2006).

**LAW/ANALYSIS**

**I.  Section 56-5-2953(A)**

The State argues the circuit court erred in dismissing its case against Walters because the video recording did not comply with section 56-5-2953(A) of the South Carolina Code. We agree.

Pursuant to section 56-5-2953,

(A) A person who violates Section 56-5-2930, 56-5-2933, or 56-5-2945 must have his conduct at the incident site and the breath test site video recorded.

(1)(a) The video recording at the incident site must:

(i) not begin later than the activation of the officer's blue lights;

(ii) include any field sobriety tests administered; and

(iii) include the arrest of a person for a violation of Section 56-5-2930 or Section 56-5-2933, or a probable cause determination in that the person violated Section

56–5–2945, and show the person being advised of his *Miranda* rights.

S.C. Code Ann. § 56–5–2953(A) (Supp. 2015).

The State asserts the video recording in this case complied with the statute because it began before Walters was stopped and continued uninterrupted during the administration of the field sobriety tests, the reading of *Miranda*,[1] and Walters' arrest. The State contends the statute does not require every aspect of the HGN test be seen in order to judge a person's performance or the officer's administration of the test. The State maintains the plain language of the statute does not require the officer's hand to be visible at all times during the administration of the HGN test, nor does it require the video to provide the viewer with the ability to assess the defendant's success or failure. The State argues as long as the recording includes "any field sobriety tests administered," it is in compliance with the plain, unambiguous language of the statute.

Walters contends he and Trooper McAdams were positioned in such a manner during the HGN test that it could not be determined whether the test was properly administered. Walters notes that prior to 2009, section 56–5–2953(A) only required the defendant's conduct be recorded at the incident site. *See* S.C. Code Ann § 56–5–2953(A) (2006). In 2009, the legislature amended the statute, expressly requiring the recording of field sobriety tests. *See* S.C. Code Ann. § 56–5–2953(A)(1)(a)(ii) (Supp. 2015). Walters asserts that had the legislature intended there only be a recording of field sobriety tests, without the ability to determine the defendant's performance on the tests, there would have been no need to amend the statute.

Recently, in *State v. Gordon*, 414 S.C. 94, 777 S.E.2d 376 (2015), our supreme court addressed HGN tests and the recording requirements found in section 56–5–2953(A). The *Gordon* court affirmed this court's holding section 56–5–2953(A) requires a motorist's head be recorded during an HGN test. 414 S.C. at 96, 777 S.E.2d at 377. The supreme court held section 56–5–2953(A) is clear and unambiguous and its provision that video recordings must include any field sobriety test administered, necessarily includes the HGN test.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

414 S.C. at 99, 777 S.E.2d at 378. The court noted because the HGN test focuses on eye movement, "common sense dictates that the head must be visible on the video." *Id.* Despite Gordon's assertion he was out of sight and in the dark during the HGN test, the court found the requirement the head be visible on the video was met and the statutory requirement that the administration of the HGN field sobriety test be video recorded was satisfied. *Id.* at 99–100, 777 S.E.2d at 379. The court noted the officer's administration of the HGN test was visible on the video recording; Gordon's face was depicted in the video ("it is axiomatic that the face is a part of the head"); the officer's flashlight and arm were visible during the administration of the test; and the officer's instructions were audible. *Id.*

We find the video recording at issue in the present case properly included the recording of any field sobriety tests administered as required by section 56–5–2953(A). Walters's head is visible during the entire recording of the HGN test. In addition, Trooper McAdams's arm is visible as he administers the test, and his instructions are audible. While Trooper McAdams's finger disappears at times during the test as his hand moves in front of Walters's face, the statute does not require video recordings of the HGN test include views of all angles of the test. Such a requirement would be unreasonable given the limitations of dashboard cameras. Accordingly, we reverse the circuit court's dismissal of the case.

## II. Section 56–5–2953(B)

The State argues the circuit court erred in finding section 56–5–2953(B) of the South Carolina Code was not applicable. In light of our decision to reverse the circuit court as to the first issue on appeal, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

## CONCLUSION

The circuit court's decision is

**REVERSED AND REMANDED.**

KONDUROS and MCDONALD, JJ., concur.