**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The City of Rock Hill, Appellant,

v.

Brenda Stroupe, Respondent.

Appellate Case No. 2014-002340

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-329
Submitted May 1, 2017 – Filed August 2, 2017

———————

**REVERSED**

———————

Jason Michael Weil and Christopher Edward Barton,
both of Rock Hill, for Appellant.

Christopher A. Wellborn, of Christopher A. Wellborn
P.A., of Rock Hill, for Respondent.

———————

**PER CURIAM:** The City of Rock Hill (the City) appeals the circuit court's order reversing Brenda Stroupe's municipal court conviction for driving under the influence (DUI) and dismissing her charge pursuant to section 56-5-2953 of the South Carolina Code (Supp. 2016). On appeal, the City argues the circuit court erred by (1) finding the incident site video failed to comply with section 56-5-

2953(A); (2) ruling section 56-5-2953(B) did not apply to excuse any noncompliance with section 56-5-2953(A); and (3) dismissing Stroupe's DUI charge.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1: § 56-5-2953(A) ("A person who violates [s]ection 56-5-2930, 56-5-2933, or 56-5-2945 must have his conduct at the incident site and the breath test site video recorded.  (1)(a) The video recording at the incident site must: (i) not begin later than the activation of the officer's blue lights; (ii) include any field sobriety tests administered; and (iii) include the arrest of a person for a violation of [s]ection 56-5-2930 or [s]ection 56-5-2933 . . . and show the person being advised of his [*Miranda*[1]] rights."); *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007))); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) ("[T]he purpose of section 56-5-2953 . . . is to create direct evidence of a DUI arrest . . . ."); *Gordon*, 414 S.C at 99-100, 777 S.E.2d at 379 (ruling an incident site video complied with section 56-5-2953(A) because "the officer's administration of the [horizontal gaze nystagmus (HGN)] test is visible on the video recording," even if the alleged "poor quality" of the video would not allow a jury to determine the DUI suspect's performance on the HGN test); *State v. Taylor*, 411 S.C. 294, 305, 768 S.E.2d 71, 77 (Ct. App. 2014) ("[T]he plain language of [section 56-5-2953] does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute."); *State v. Walters*, 418 S.C. 303, 304, 307, 792 S.E.2d 251, 252-53 (Ct. App. 2016) (reversing the dismissal of a DUI charge although the DUI suspect was facing away from the camera during the HGN test, and recognizing "the limitations of dashboard cameras" in capturing an incident site video), *petition for cert. filed*, (S.C. Dec. 16, 2016).

2.  As to issues 2 and 3: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue when the resolution of a prior issue is dispositive of the appeal).

**REVERSED.**[2]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.