640 S.E.2d 457

**Edward D. SLOAN, Jr., individually, and on behalf of all others similarly situated, and the South Carolina Public Interest Foundation, Petitioner,**

v.

**John N. HARDEE, Robert W. Harrell, John Moultrie "Moot" Truluck, Respondents.**

No. 26242.

Supreme Court of South Carolina.

Heard Nov. 2, 2006.

Decided Jan. 8, 2007.

Rehearing Denied Feb. 7, 2007.

496

James G. Carpenter, of Greenville, for Petitioner.

A. Camden Lewis, Keith M. Babcock, Ariail E. King, and Linda C. McDonald, all of Columbia, E. LeRoy Nettles, Sr., and Marian D. Nettles, of Lake City, Gedney M. Howe, III, of Charleston, Keith D. Munson, of Greenville, and S. Jahue Moore, of W. Columbia, for Respondents.

Justice WALLER:

We accepted this matter in our original jurisdiction to address whether Respondents, Commissioners for the South Carolina Department of Transportation (DOT), were appointed in violation of S.C.Code Ann. § 57–1–330(A)(2006).

## FACTS

Hardee, Harrell and Truluck are DOT Commissioners. Hardee was appointed to a four-year term, to be served from February 18, 1998 to February 15, 2002. In June 2001, his legislative delegation re-elected him to serve a second term, from February 2002 until August 2002. Thereafter, in May 2002, his legislative delegation re-elected him to serve as DOT Commissioner from August 15, 2002 to August 15, 2006. In January 2005, Hardee was re-elected to serve from August 2006 until August 2010.

Harrell was elected in May 1999 to serve as DOT Commissioner from February 2000 until February 15, 2004. He has been re-elected to serve from February 15, 2004 through February 15, 2008.

Truluck was elected to serve his first term as DOT Commissioner from February 15, 1998 until February 15, 2002. He served in a hold-over capacity until May 15, 2002, at which time he was re-elected to serve from May 15, 2002 through May 15, 2006.

■ Petitioners, Sloan and the South Carolina Public Interest Foundation, instituted this complaint for declaratory and injunctive relief, contending the Commissioners were serving in violation of SC Code Ann. §§ 57–1–320(B) and 57–1–330(A). We accepted the matter in our original jurisdiction.[1]

## DISCUSSION

Title 57 of the South Carolina Code establishes the DOT and sets up transportation districts in accord with state con-

---

1. We find this matter of sufficient public interest as to confer standing on Petitioners. *Sloan v. Wilkins*, 362 S.C. 430, 608 S.E.2d 579 (2005); *Baird v. Charleston Cty.*, 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999) (standing is not inflexible and standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance).

gressional districts. S.C.Code Ann. § 57–1–310 (2006) requires the DOT Commission to be composed of one member from each transportation district elected by the delegations of each congressional district, and one at-large member appointed by the Governor. This section further requires that "[s]uch elections or appointment, as the case may be, shall take into account race and gender so as to represent, to the greatest extent possible, all segments of the population of the State." S.C.Code Ann. § 57–1–320 (2006), entitled, "County divided among two or more districts; consecutive terms limited; limit on commissioners from same county," states, in pertinent part:

> (B) No county within a Department of Transportation district shall have a resident commission member **for more than one consecutive term** and in no event shall any two persons from the same county serve as a commission member simultaneously except as provided hereinafter.

(Emphasis supplied). Section 57–1–330 provides:

> All commission members must serve for a term of office of four years which expires on February fifteenth of the appropriate year. Commissioners shall continue to serve until their successors are elected and qualify, provided that a commissioner may only serve in a hold over capacity for a period not to exceed six months.... No person is eligible to serve as a commission member who is not a resident of that district at the time of his appointment, except that the at large commission member may be appointed from any county in the State regardless of whether another commissioner is serving from that county.

Sloan and the SC Public Interest Foundation contend Hardee, Harrell, and Truluck are serving in violation of the above provisions, as they are currently serving in a second or subsequent "consecutive term." We agree.

The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning. *Carolina Power & Light Co. v. City of Bennettsville*, 314 S.C. 137,

139, 442 S.E.2d 177, 179 (1994). Words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Bryant v. City of Charleston,* 295 S.C. 408, 368 S.E.2d 899 (1988); *State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991).

■ "Consecutive" is defined as "successive; succeeding one another in regular order; to follow in uninterrupted succession." *Black's Law Dictionary,* 276 (5th Ed. 1979). The plain and unambiguous meaning of the phrase "more than one consecutive term" is that a DOT commissioner may serve one term and may not serve a succeeding, consecutive term.

Respondents contend the term "consecutive," permits a commissioner to serve one term, consecutive to a first term such that the commissioners may actually serve two successive terms. We disagree. Such a construction would produce an absurd result, clearly not intended by the Legislature.

There are numerous statutes which permit certain commissioners or board members to serve "two consecutive terms." *See e.g.* S.C.Code Ann. § 1–13–40 (Human Affairs Commissioner having served two consecutive terms shall be eligible for reappointment one year after the expiration of his second term); S.C.Code Ann. § 1–15–10 (Commission on Women members ineligible to serve more than two consecutive terms); S.C.Code Ann. § 40–61–20 (State Board of Examiners for Registered Environmental Sanitarian members are eligible for reappointment but cannot serve more than two consecutive terms); S.C.Code Ann. § 44–7–180 (State Health Planning Committee members are appointed for four-year terms, and may serve only two consecutive terms); S.C.Code Ann. § 55–11–320 (Richland/Lexington Airport Commission members may not serve more than two consecutive terms). To construe the phrase "consecutive" as meaning a term, consecutive to a first term, would result in the phrase "two consecutive terms", in actuality, meaning two terms consecutive to a first, for a total of three terms.[2] To construe the statutes as asserted by

---

2. Analogously, Article IV, § 3 of the South Carolina Constitution provides that "no person shall be elected Governor for more than two successive terms." Carried to its logical conclusion, "successive" as

Appellants would produce an absurd result. *Charleston Trident Home Builders Inc. v. Town Council of Summerville,* 369 S.C. 498, 632 S.E.2d 864 (2006); *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) (when construing a statute, the Court will reject meaning that would lead to an absurd result not intended by the legislature).

■ Lastly, Respondent Hardee contends *South Carolina Public Interest Foundation v. Judicial Merit Selection Comm'n,* 369 S.C. 139, 632 S.E.2d 277 (2006), requires we refrain from ruling on this matter because it presents questions which are exclusively or predominantly political in nature rather than judicial. We disagree. In the *Public Interest Foundation* case, we held that whether the Judicial Merit Selection Commission properly evaluated a candidate seeking election to a circuit court seat was a nonjusticiable political question because the power to determine if a person is qualified to hold judicial office is vested with the General Assembly by the State Constitution. The issue raised there was that the Commission did not adequately investigate whether a candidate met residency requirements for the Fourteenth Judicial Circuit.

*Public Interest Foundation* has no application here. The sole issue in this case is whether the Commissioners are serving in violation of the statutory terms. Defining the meaning of the phrase "more than one consecutive term" is clearly within the prerogative of this Court. *Cf. Lindsay v. Nat'l Old Line Ins. Co.,* 262 S.C. 621, 629, 207 S.E.2d 75, 78 (1974) (judicial interpretation of a statute is determinative of its meaning and effect).

Accordingly, we hold section 57-1-320(B) prohibits a DOT Commissioner from serving a consecutive term of office.

MOORE, BURNETT, JJ., and Acting Justices DEADRA L. JEFFERSON and G. THOMAS COOPER, concur.

■

interpreted by the Commissioners would permit the Governor to serve for a total of three successive terms.