# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Cody Roy Gordon, Respondent.

Appellate Case No. 2014-001337

―――――――――

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

―――――――――

Appeal From Oconee County
The Honorable Alexander S. Macaulay, Circuit Court Judge

―――――――――

Opinion No. 27554
Heard June 3, 2015 – Filed August 5, 2015

―――――――――

## AFFIRMED AS MODIFIED

―――――――――

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Benjamin Aplin, both of
Columbia, for Petitioner.

Keith G. Denny, of Keith G. Denny, P.A., of Walhalla,
for Respondent.

―――――――――

**JUSTICE BEATTY:** The State appeals the Court of Appeals' affirmation of the circuit court's interpretation of section 56-5-2953 of the South Carolina

Code. The Court of Appeals found that section 56-5-2953 requires officers to record the head of the motorist when administering the Horizontal Gaze Nystagmus (HGN) field sobriety test and that Cody Gordon's head was not sufficiently visible. The State posits that a plain reading of the statute makes no mention of the motorist's "head." We affirm the Court of Appeals' conclusion that the statute requires that the motorist's head be recorded in the video; however, we vacate the mandate to remand to the magistrate court for further consideration. We reinstate Gordon's conviction as we find that the officer complied with the statute in recording Gordon's HGN test.

## I.  Factual/Procedural History

On October 29, 2011, Gordon was stopped at a license and registration checkpoint by a South Carolina Highway Patrol Officer. The officer administered several field sobriety tests. The test at issue in this case is the HGN test. The dashboard camera on the officer's patrol car recorded the entire incident, including all field sobriety tests, with continuous recording. The stop occurred at night, so the lighting was not perfect, but the officer had Gordon stand in the light of his patrol car's headlights and further illuminated Gordon by shining a flashlight directly on his face.

Following the tests, Gordon was placed under arrest. Gordon was charged with driving under the influence (DUI) for violating section 56-5-2930. The case was presented to a magistrate judge and a jury. The jury found Gordon guilty as charged. Gordon timely appealed his conviction.

Using still-shot photos of the video, Gordon argued that the video violated section 56-5-2953(A) because he was out of sight and in the dark during the HGN test. The circuit court concluded that section 56-5-2953(A) requires the motorist's head to be visible during the administration of the HGN field sobriety test. Section 56-5-2953(A) reads in pertinent part:

(A) A person who violates Section 56-5-2930, 56-5-2933, or 56-5-2945 must have his *conduct* at the incident site and breath test site video recorded.
>  (1)(a) The video recording at the incident site must:
>  (i) not begin later than the activation of the officer's blue lights;
>  (ii) *include any field sobriety tests administered*; and
>  (iii) include the arrest of a person for violation of Section 56-5-

> 2930 or Section 56-5-2933, or a probable cause determination
> in that the person violated Section 56-5-2945, and show the
> person being advised of his Miranda rights.

S.C. Code Ann. § 56-5-2953(A) (Supp. 2011) (emphasis added). The circuit court found Gordon's head was not "sufficiently visible through the entire administration of the [HGN] test." The circuit court reversed his conviction and dismissed the DUI charge. The State timely appealed to the Court of Appeals.

The Court of Appeals affirmed in part, vacated in part, and remanded the case to the magistrate court. *State v. Gordon*, 408 S.C. 536, 759 S.E.2d 755 (Ct. App. 2014). The court concluded that "the circuit court correctly found the head must be shown during the HGN test in order for that sobriety test to be recorded, and we affirm that finding." *Gordon*, 408 S.C. at 543, 759 S.E.2d at 758. The Court of Appeals remanded the case to the magistrate court with the instruction to "make factual findings in light of the circuit court and our determination that the test must be recorded on the camera; specifically for the HGN test, the head has to be visible on the recording." *Gordon*, 408 S.C. at 543-44, 759 S.E.2d at 759.

The Court of Appeals denied the State's petition for a rehearing.[1] This Court granted the State's petition for a writ of certiorari to review the Court of Appeals' decision.

## II.    Standard of Review

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

"The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." *Sloan v. Hardee,* 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007). "When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning." *Id.* In interpreting a statute, "[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Id.* at 499, 640 S.E.2d at 459.

---

[1] Additionally, the Court of Appeals withdrew its original opinion and substituted a new published one. *Gordon*, 408 S.C. at 536, 759 S.E.2d at 755.

# III. Discussion

**Whether the Court of Appeals erred in affirming the circuit court's decision to reverse Gordon's magistrate court conviction for driving under the influence?**

### A. Argument

The State argues the Court of Appeals misconstrued the decision of the magistrate as lacking sufficient findings of fact. Specifically, the State contends that the Court of Appeals "misapprehended or overlooked the clear and unambiguous language of the statute, which does not include any requirement that 'the head must be visible on the recording' of an HGN field sobriety test."

### B. Analysis

The State would have us review this case using the analytical framework of *Murphy v. State,* 392 S.C. 626, 709 S.E.2d 685 (Ct. App. 2011). The court in *Murphy* held that section 56-5-2953 only requires that the conduct of the motorist be recorded. *Murphy*, 392 S.C. at 631, 709 S.E.2d at 688. The Court of Appeals and the circuit court correctly distinguished *Murphy* from Gordon's case. In *Murphy*, the prior version of the statute at issue in this case was in effect. The prior version of the statute did not include the explicit requirement that the videotape include "any field sobriety tests administered." S.C. Code Ann. § 56-5-2953(A)(1)(a)(ii)(Supp. 2011). The current version of the statute, which applies to Gordon, specifically requires that the officer record "any field sobriety tests administered." Based on this distinction, the magistrate erred as a matter of law in finding that the officer's recording was only required to show Gordon's conduct generally.

The statute at issue in this case is clear and unambiguous and, therefore, this Court must give its words their ordinary meaning. The statute states that the video recording "must include any field sobriety test administered," which necessarily includes the HGN test. Considering the fact that the HGN test focuses on eye movement, common sense dictates that the head must be visible on the video. Accordingly, the circuit court's finding that the head must be visible does not amount to a hyper-technicality, but merely states the obvious. The Court of Appeals did not err in affirming this requirement.

Here, the officer's administration of the HGN test is visible on the video recording. It is undisputed that Gordon's face is depicted in the video; it is axiomatic that the face is a part of the head. The officer's flashlight and arm are visible as he administers the test. Also, the officer's instructions were audible. Thus, the requirement that the head be visible on the video is met and the statutory requirement that the administration of the HGN field sobriety test be video recorded is satisfied. Therefore, the per se dismissal of the charge as discussed in *Town of Mount Pleasant v. Roberts*, 393 S.C. 332, 713 S.E.2d 278 (2011), and *City of Rock Hill v. Suchenski*, 374 S.C. 12, 646 S.E.2d 879 (2007) is not appropriate.

Even if we assume that the video of a field sobriety test is of such poor quality that its admission is more prejudicial than probative, the remedy would not be to dismiss the DUI charge. Instead, the remedy would be to redact the field sobriety test from the video and exclude testimony about the test.[2] If that remedy is applied here, there is still sufficient evidence to present this case to a jury for resolution. The evidence included the breath alcohol analysis report, video of other field sobriety tests, and Gordon's statement that he had consumed four beers.

Neither Gordon nor the State would have been prejudiced by the exclusion of the HGN test video or testimony because of the alleged poor quality of the video. Since the focus of the HGN test is the movement of the eyes, the jury would not have been able to determine if Gordon passed or failed by simply looking at this video. Moreover, the viewing of a video of an HGN field sobriety test has very little probative value to a jury because the eyes of the motorist are rarely, if ever, seen.[3]

The remaining issues raised by Gordon concerning discrepancies with the breath test site video's date and time stamp are without merit.

## IV.   Conclusion

The Court of Appeals' decision is affirmed as to the requirements for video

---

[2] It appears the solicitor unintentionally led the circuit court to believe that the HGN test was the only evidence against Gordon.

[3] Of course, this would not be the case if actual eye movement is recorded.

recording the HGN field sobriety test.  The mandate to remand to the magistrate court for further consideration is vacated.  Gordon's conviction is reinstated.

**TOAL, C.J., HEARN, J., and Acting Justice Allison Renee Lee, concur. PLEICONES, J., concurring in result only.**