**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

William Russell Patterson, Respondent,

v.

State of South Carolina, Appellant.

Appellate Case No. 2014-000280

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-042
Submitted January 1, 2016 – Filed January 20, 2016

**REVERSED**

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Appellant.

Christopher A. Wellborn, of Christopher A. Wellborn, P.A., of Rock Hill, for Respondent.

**PER CURIAM:** In this criminal matter, the State appeals the circuit court's dismissal of William Russell Patterson's conviction in magistrate court for driving under the influence (DUI). The State contends the circuit court erred in finding (1)

it did not fully comply with section 56-5-2953 of the South Carolina Code (Supp. 2015) and (2) the totality of the circumstances exception in subsection 56-5-2953(B) was inapplicable to the instant case. We reverse and reinstate Patterson's conviction.

1. As to whether the circuit court erred in finding the State did not fully comply with section 56-5-2953, we find the video recording of Patterson's Horizontal–Gaze Nystagmus (HGN) test satisfied the statutory requirements. *See State v. Gordon*, 414 S.C. 94, 99, 777 S.E.2d 376, 378–79 (2015) (holding subsection 56-5-2953(A)(1)(a)(ii) requires that the motorist's head be visible during the recording of an HGN field sobriety test). Upon our review of the video of Patterson's incident site, we find the recording of the HGN test complies with the requirements of the statute. Similar to the facts of *Gordon*, although the stop occurred at night and the lighting was not perfect, Corporal Hassen had Patterson perform the field sobriety tests in the light of his patrol car's headlights. Further, Corporal Hassen illuminated Patterson's head by shining his flashlight directly into his face during the HGN test. Corporal Hassen's flashlight and arm are depicted in the video, and his instructions to Patterson during the tests are audible. Because the HGN test was video recorded and Patterson's head was visible in that video, we hold the requirements under section 56-5-2953 were satisfied in this case. *See Gordon*, 414 S.C. at 99–100, 777 S.E.2d at 379. Therefore, we find the circuit court erred in dismissing the case and reinstate Patterson's DUI conviction.

2. As to whether the circuit court erred in finding the totality of the circumstances exception in subsection 56-5-2953(B) was inapplicable to the instant case, we decline to address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.