**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of North Charleston, Respondent,

v.

John Barra, Appellant.

Appellate Case No. 2014-001871

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-275
Submitted March 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Thomas C. Nelson, of Futeral & Nelson, LLC, of Mount Pleasant, for Appellant.

J. Brady Hair and Derk Van Raalte, IV, of Law Offices of J. Brady Hair, and Kriston D. Neely, Samantha Jean Vaughn, Frances Daniel Austin, and Joseph Matthew Kaiser, all of North Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 56-5-2953(A) (Supp. 2015) ("The video recording at

the incident site must . . . include any field sobriety tests administered . . . ."); *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007))); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." (quoting *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006))); *id.* at 347, 713 S.E.2d at 285 (recognizing the purpose of section 56-5-2953 "is to create direct evidence of a DUI arrest"); *State v. Taylor*, 411 S.C. 294, 305, 768 S.E.2d 71, 77 (Ct. App. 2014) (noting prior cases addressing section 56-5-2953 "demonstrate the plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute"); *State v. Frazier*, 357 S.C. 161, 165, 592 S.E.2d 621, 623 (2004) ("A trial court's admission or rejection of evidence is generally reviewed for an abuse of discretion.  An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *State v. Myers*, 359 S.C. 40, 48, 596 S.E.2d 488, 492 (2004) ("This [c]ourt reviews [Rule 403, SCRE,] rulings pursuant to the abuse of discretion standard, and gives great deference to the trial [court]'s decision.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.