**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Wayne Sherrill, Appellant.

Appellate Case No. 2014-002704

Appeal From Lancaster County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2016-UP-374
Submitted March 1, 2016 – Filed July 20, 2016

**AFFIRMED**

Francis L. Bell, Jr., of Francis Bell Law Firm, LLC, of Lancaster, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 22-3-1000 (2007) ("No motion for a new trial may

be heard unless made within five days from the rendering of the judgment. The right of appeal from the judgment exists for thirty days after the rendering of the judgment."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342-43, 713 S.E.2d 278, 283 (2011) ("Courts will reject a statutory interpretation that would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention."); *State v. Brown*, 358 S.C. 382, 385 n.2, 596 S.E.2d 39, 40 n.2 (2004) (recognizing the 1999 amendment of section 22-3-1000 extended the time to appeal from twenty-five to thirty days after a magistrate's grant or denial of a motion for new trial); S.C. Code Ann. § 56-5-2953(A) (Supp. 2015) ("The video recording at the incident site must . . . include any field sobriety tests administered . . . ."); *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007))); *Roberts*, 393 S.C. at 342, 713 S.E.2d at 283 ("A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." (quoting *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006))); *id.* at 347, 713 S.E.2d at 285 (recognizing the purpose of section 56-5-2953 "is to create direct evidence of a DUI arrest"); *State v. Taylor*, 411 S.C. 294, 305, 768 S.E.2d 71, 77 (Ct. App. 2014) (noting prior cases addressing section 56-5-2953 "demonstrate the plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.