**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Kathryn Hart Dew, Respondent.

Appellate Case No. 2015-001093

_____

Appeal From Fairfield County
Clifton Newman, Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-449
Submitted September 1, 2016 – Filed November 9, 2016

_____

**REVERSED AND REMANDED**

_____

Marcus Keith Gore, of the South Carolina Department of Public Safety, of Blythewood, for Appellant.

Assistant Public Defender Ross Alan Burton, of Winnsboro, and Assistant Public Defender Robert Cleland FitzSimons, of Columbia, for Respondent.

_____

**PER CURIAM:** The State appeals the circuit court's order affirming the magistrate court's dismissal of Kathryn Hart Dew's charge for driving with unlawful alcohol concentration. The State argues the magistrate court erred in granting Dew's motion to dismiss for failure to comply with the video recording

requirements of section 56-5-2953 of the South Carolina Code (Supp. 2015). Specifically, the State argues the magistrate court erred in concluding section 56-5-2953 required the video recording to visibly display her feet during the "walk and turn" field sobriety test and show whether she was walking heel-to-toe as instructed by the officer. We reverse and remand for trial.

We find the magistrate court erred by interpreting section 56-5-2953 and *State v. Gordon*,[1] to require the video recording to visibly display Dew's feet in a manner that would show whether she walked heel-to-toe during the walk and turn test. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."). The video recording here complied with the plain language of the statute, which only requires the video recording to "include any field sobriety tests administered." S.C. Code Ann. § 56-5-2953(A)(1)(a)(ii) (Supp. 2015); *see also Gordon II*, 414 S.C. at 98, 777 S.E.2d at 378 ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007))). The HGN test at issue in *Gordon* and the walk and turn test are distinguishable. A person's head is the only body part relevant to the HGN test that can reasonably be captured on video and the omission of the suspect's head is effectively an omission of the test itself whereas a person's feet are just one of many considerations in the walk and turn test. *See State v. Taylor*, 411 S.C. 294, 302 n.8, 768 S.E.2d 71, 75 n.8 (Ct. App. 2014) ("In the walk and turn test, the subject is directed to take nine steps, heel-to-toe, along a straight line. After taking the steps, the suspect must turn on one foot and return in the same manner in the opposite direction. The examiner looks for eight indicators of impairment: if the suspect cannot keep balance while listening to the instructions, begins before the instructions are finished, stops while walking to regain balance, does not touch heel-to-toe, steps off the line, uses arms to balance, makes an improper turn, or takes an incorrect number of steps." (quoting *Appendix A: Standardized Field Sobriety Testing*, National Highway Traffic Safety Administration, at http://www.nhtsa.gov/people/injury/alcohol/sfst/appendix_a.htm (last visited Oct. 24, 2014))).

Thus, despite Dew's feet being obscured for some portion of the test, the video recording provides evidence of her performance throughout the test, and "the statutory requirement that the administration of the [walk and turn] field sobriety test be video recorded is satisfied." *Gordon II*, 414 S.C. at 100, 777 S.E.2d at 379;

---

[1] 408 S.C. 536, 759 S.E.2d 755 (Ct. App. 2014) (*Gordon I*), *aff'd in part, vacated in part*, 414 S.C. 94, 777 S.E.2d 376 (2015) (*Gordon II*).

*see Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) (recognizing the purpose of section 56-5-2953 "is to create direct evidence of a DUI arrest").  Because "the plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute," we find the magistrate court erred in finding the video recording failed to comply with section 56-5-2953.  *Taylor*, 411 S.C. at 305, 768 S.E.2d at 77; *id.* at 306, 768 S.E.2d at 77 ("The plain language of the statute demonstrates the legislature intended video recording of the *majority* of an officer's encounter with a potential DUI suspect." (emphasis added)).  Accordingly, we reverse and remand.

**REVERSED AND REMANDED.**[2]

**LOCKEMY, C.J., and THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.