**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Tiffanie Nicole Turner, Respondent.

Appellate Case No. 2014-002556

———————

Appeal From Lexington County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-078
Heard December 1, 2016 – Filed February 8, 2017

———————

**REVERSED AND REMANDED**

———————

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Donald V. Myers, of Lexington, for Appellant.

S. Jahue Moore, of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent.

———————

**PER CURIAM:** The State appeals the circuit court's dismissal of Tiffanie Nicole Turner's charge of driving under the influence (DUI) second offense. The State

argues the circuit court erred by ruling (1) the State failed to comply with section 56-5-2953(A) of the South Carolina Code (Supp. 2016) although it produced the video recording required by the statute and (2) no mitigating factors provided in section 56-5-2953(B) of the South Carolina Code (Supp. 2016) applied. We reverse[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by ruling the State did not fully comply with section 56-5-2953(A): *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); § 56-5-2953(A) (providing any person who commits the offense of DUI must have their conduct at the incident site video recorded and the recording must include "any field sobriety tests administered"); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) (noting the purpose of section 56-5-2953 is to create direct evidence of a DUI arrest); *State v. Gordon*, 414 S.C. 94, 99, 777 S.E.2d 376, 378-79 (2015) (holding section 56-5-2953(A) requires that the DUI suspect's head be visible in the incident site video during the administration of a Horizontal Gaze Nystagmus (HGN) field sobriety test); *id.* at 99-100, 777 S.E.2d at 379 (ruling the requirements of section 56-5-2953(A) were satisfied because, during the administration of the HGN test, the driver's head and the arresting officer's arm were visible and the officer's instructions were audible).

2. As to whether the circuit court erred by ruling section 56-5-2953(B) was inapplicable to this case: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**LOCKEMY, C.J, and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.