**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Shelby Jean Lorusso, Respondent.

Appellate Case No. 2013-002406

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-207
Heard May 4, 2017 – Filed May 17, 2017

———————

**REVERSED AND REMANDED**

———————

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., of Columbia, for Appellant.

Christopher A. Wellborn, of Christopher A. Wellborn P.A., of Rock Hill, for Respondent.

———————

**PER CURIAM:** The State appeals the circuit court's order affirming the dismissal of Shelby Jean Lorusso's charge for driving under the influence (DUI), first offense. The magistrate court dismissed the charge for failure to comply with section 56-5-2953(A) of the South Carolina Code (Supp. 2016). On appeal, the State argues the

circuit court erred in (1) finding the video recording produced by the State did not comply with section 56-5-2953(A) and (2) failing to consider the totality of the circumstances under section 56-5-2953(B) of the South Carolina Code (Supp. 2016). We reverse and remand for trial.

Because the plain language of section 56-5-2953(A) only requires that the video recording "include any field sobriety tests administered," we find the circuit court erred in interpreting section 56-5-2953(A) to require that the video recording from the incident site visibly display Lorusso's feet in a manner that would allow the jury to determine whether her heel touched her toe during the walk-and-turn (WAT) test. *See* § 56-5-2953(A) (stating the video recording from the incident site must (1) "not begin later than the activation of the officer's blue lights," (2) "include any field sobriety tests administered," and (3) include the arrest and show the driver being advised of her *Miranda*[1] rights); *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." (quoting *State v. Scott*, 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002))); *see also State v. Taylor*, 411 S.C. 294, 305–06, 768 S.E.2d 71, 77 (Ct. App. 2014) (explaining "the plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute" and stating "the legislature intended video recording of the majority of an officer's encounter with a potential DUI suspect"). Here, the video recording provides uninterrupted footage of the entire encounter between Lorusso and the arresting officer, Deputy Matthew Palmer—from several seconds prior to the activation of Deputy Palmer's blue lights through his transport of Lorusso to jail after he arrested her. Every event listed in the statute is on the video recording: the three field sobriety tests administered by Deputy Palmer, Lorusso's arrest, and Deputy Palmer advising Lorusso of her *Miranda* rights.

Our supreme court addressed the recording of field sobriety testing pursuant to section 56-5-2953(A) in *State v. Gordon*, 414 S.C. 94, 777 S.E.2d 376 (2015). In that case, our supreme court did not find that the field sobriety tests must be recorded in such a manner that a jury should be able to determine the results of any field sobriety tests by watching the video recording. *See id.* at 99–100, 777 S.E.2d at 378–79 (requiring the recording of the Horizontal Gaze Nystagmus (HGN) test to show the driver's head but noting "the viewing of a video of an HGN field sobriety test has very little probative value to a jury because the eyes of the motorist are rarely, if ever, seen"); *id.* at 100, 777 S.E.2d at 379 (reinstating the driver's conviction despite finding "the jury would not have been able to determine if [the driver] passed

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

or failed [the HGN test] by simply looking at this video"). Rather, the court's focus was on whether *the administration* of the field sobriety test was recorded. *See id.* at 99–100, 777 S.E.2d at 379 (finding the video recording complied with section 56-5-2953(A) when the officer's administration of the HGN test was visible on the video recording and focusing on the fact that the video recording included the driver's face, the officer's instructions, and the officer's flashlight and arm). Requiring the WAT test to be recorded in a manner that would allow the jury to ascertain whether the driver passed or failed the test would impermissibly expand the statute's operation. *See State v. Dupree*, 354 S.C. 676, 693, 583 S.E.2d 437, 446 (Ct. App. 2003) ("Words must be given their plain and ordinary meaning without resorting to subtle or forced construction [that] limits or expands the statute's operation.").

Based on the foregoing, the video recording produced by the State complies with section 56-5-2953(A). The video recording shows Deputy Palmer administering the WAT test; his instructions to Lorusso are audible and his demonstration of the test to Lorusso is visible. *See Gordon*, 414 S.C. at 99–100, 777 S.E.2d at 379. The video recording also includes all three of the field sobriety tests Lorusso completed, and Lorusso's entire body, including her feet, is visible during the WAT test. *Cf. id.* at 99, 777 S.E.2d at 378 ("Considering the fact that the HGN test focuses on eye movement, common sense dictates that the head must be visible on the video."). We acknowledge *Gordon*'s holding that the head must be visible on the video recording is specific to the HGN test; however, if the *Gordon* court only required that the driver's head be visible on a video recording of the HGN test—not the actual eye movement, which is the focus of the test—we believe it is sufficient that Lorusso's entire body is visible during the WAT test.

Furthermore, of the eight indicators of impairment that officers are trained to look for, the only one that was not visible on the video recording was whether Lorusso's heel touched her toe. *See Taylor*, 411 S.C. at 302 n.8, 768 S.E.2d at 75 n.8 (stating the eight indicators of impairment evaluated by the WAT test are whether the suspect "[(1)] cannot keep balance while listening to the instructions, [(2)] begins before the instructions are finished, [(3)] stops while walking to regain balance, [(4)] does not touch heel-to-toe, [(5)] steps off the line, [(6)] uses arms to balance, [(7)] makes an improper turn, or [(8)] takes an incorrect number of steps" (quoting *Appendix A: Standardized Field Sobriety Testing*, National Highway Traffic Safety Administration, at http://www.nhtsa.gov/people/injury/alcohol/sfst/appendix_a.htm (last visited Oct. 24, 2014))). Accordingly, we reverse the circuit court's holding that the video recording produced by the State did not comply with section 56-5-2953(A), and we remand to the magistrate court for trial.

In light of the foregoing, we need not reach the merits of the State's remaining issue. *See State v. Crisp*, 362 S.C. 412, 420, 608 S.E.2d 429, 434 (2005) (holding appellate courts need not address remaining issues when the resolution of a prior issue is dispositive); *see also State v. Henkel*, 413 S.C. 9, 16 n.7, 774 S.E.2d 458, 462 n.7 (2015) ("Because we find the videotape complied with [section] 56-5-2953, we need not address whether the totality of the circumstances exception in subsection (B) applies.").

**REVERSED AND REMANDED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**