**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maria Moyao, Appellant.

Appellate Case No. 2014-002317

---

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-332
Submitted May 1, 2017 – Filed August 2, 2017

---

**AFFIRMED**

---

Daniel Joseph Farnsworth, Jr., of Farnsworth Law Offices, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

---

**PER CURIAM:** Maria Moyao appeals a circuit court order affirming a jury conviction in magistrate's court for driving with an unlawful alcohol concentration (DUAC). On appeal, Moyao argues the circuit court erred (1) in affirming the

conviction because the State failed to comply with the mandatory video requirements of section 56-5-2953 of the South Carolina Code (Supp. 2016), when portions of Moyao's body could not be seen on video while performing field sobriety tests, and (2) refusing to grant a new trial when Moyao was charged with driving under the influence (DUI) and the State failed to provide adequate notice of its intent to proceed under DUAC.  We affirm.[1]

1.  The circuit court did not err in affirming the conviction because the video complied with section 56-5-2953.  *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); § 56-5-2953(A)(1)(a) ("The video recording at the incident site must . . . (ii) include any field sobriety tests administered . . . ."); *State v. Taylor*, 411 S.C. 294, 305, 768 S.E.2d 71, 77 (Ct. App. 2014) ("[T]he statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute."); *State v. Gordon*, 414 S.C. 94, 99-100, 777 S.E.2d 376, 379 (2015) (holding the administration of a horizontal gaze nystagmus (HGN) test satisfied the requirements of section 56-5-2953(A) because (1) "the officer's administration of the HGN test is visible on the video recording," (2) "[t]he officer's flashlight and arm are visible as he administers the test," and (3) "Gordon's face is depicted in the video"); *id.* at 100, 777 S.E.2d at 379 ("Even if we assume that the video of a field sobriety test is of such poor quality that its admission is more prejudicial than probative, the remedy would not be to dismiss the DUI charge.  Instead, the remedy would be to redact the field sobriety test from the video and exclude testimony about the test.").

2. The State provided Moyao with adequate and effective notice it intended to prosecute her for DUAC even though she was charged with DUI.  *See* S.C. Code Ann. § 56-5-2933(A) (Supp. 2016) ("It is unlawful for a person to drive a motor vehicle within this [s]tate while his alcohol concentration is eight one-hundredths of one percent or more.  A person who violates the provisions of this section is guilty of the offense of driving with an unlawful alcohol concentration . . . ."); § 56-5-2933(I) ("A person charged [with DUI] may be prosecuted pursuant to [DUAC] . . . ."); § 56-5-2933(J) ("A person charged with a violation of this section must be given notice of intent to prosecute under the provisions of this section at least thirty calendar days before his trial date.").  The State's notice form clearly indicated its intent to proceed with a DUAC prosecution.  Accordingly, we find no merit to Moyao's argument the form was ambiguous, and the circuit court properly denied her motion for a new trial.  *See Baccus*, 367 S.C. at 48, 625 S.E.2d at 220

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

("In criminal cases, the appellate court sits to review errors of law only."); *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and this [c]ourt will not disturb the trial court's decision absent an abuse of discretion.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**