**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michelle N. Gardner, Respondent.

v.

Ernest J. Gardner, Jr., individually and as Personal Representative of the Estate of Jason F. Gardner, Appellant,

Appellate Case No. 2020-001678

———————

Appeal From Georgetown County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-095
Submitted January 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Kenneth B. Wingate and Matthew Joseph Myers, both of Sweeny Wingate & Barrow, PA, of Columbia; and Scott Webster Hutto, of Hutto Law Firm, PA, of Georgetown, all for Appellant.

John Ravenel Chase, of Haynsworth Sinkler Boyd, PA, of Charleston; and Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, both for Respondent.

———————

**PER CURIAM:** Ernest J. Gardner, Jr. (Ernest), individually and as personal representative of the Estate of Jason F. Gardner (the Estate), appeals a circuit court order granting partial summary judgment in favor of Michelle N. Gardner (Michelle) on her claim against the Estate and reversing the probate court's grant of summary judgment in his favor on a creditor's claim he filed against the Estate. On appeal, Ernest argues the circuit court erred by ruling his claim against the Estate was untimely and rejecting his argument that Michelle's express waiver of any claim to Jason F. Gardner's retirement accounts precluded her from recovering from the proceeds of the accounts payable to the Estate. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court properly found Ernest failed to timely file his creditor's claim against the Estate and therefore appropriately granted partial summary judgment in favor of Michelle on this issue. *See Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Whe[n] cross[-]motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below."); *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature."); *id.* ("When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning."); *S.C. State Ports Auth. v. Jasper County*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006) (explaining "the statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect"); S.C. Code Ann. § 62-3-803(a) (2022) ("All claims against a decedent's estate which arose before the death of the decedent . . . are barred against the estate . . . unless presented within the earlier of the following: (1) one year after the decedent's death; or (2) the time provided by Section 62-3-801(b) [of the South Carolina Code (2022)] for creditors who are given actual notice, and within the time provided in Section 62-3-801(a) [of the South Carolina Code (2022)] for *all creditors* barred by publication." (emphasis added)); South Carolina Reporter's Comment section 62-3-803 ("Claims arising before death, unless barred by other statutes of limitation, are barred unless presented as follows: (1) *for those creditors not barred by publication* within the earlier of one year following date of death or sixty days from any actual notice; and

(2) for those creditors barred by publication within the earlier of one year from date of death or eight months from any publication." (emphasis added)); *Matter of Est. of Tollison*, 320 S.C. 132, 135, 463 S.E.2d 611, 613 (Ct. App. 1995) ("[U]nless the statute is complied with, the creditor's claim is barred.").

 2.  We hold the circuit court did not err by granting partial summary judgment in favor of Michelle and concluding that she was not precluded from recovering from the proceeds to the accounts payable to the Estate.[1]  *See Brockbank*, 341 S.C. at 379, 534 S.E.2d at 692 ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."); Rule 56(c), SCRCP (explaining a circuit court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); S.C. Code Ann. § 62-1-201(4) (2022) (providing that "claims" against an estate include "liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration"); *In re Est. of Hover*, 407 S.C. 194, 203, 754 S.E.2d 875, 880 (2014) ("Thus, '[b]roadly speaking, all claims against the decedent should be presented for allowance, and the word claims includes such debts or demands as existed against the decedent in his or her lifetime and that might have been enforced against him or her by personal actions for the recovery of money.'" (quoting 34 C.J.S. Executors & Administrators § 548 (Supp. 2013) (internal punctuation omitted))).

Additionally, we hold Ernest's argument regarding promissory estoppel is not preserved for appeal because it was not raised to and ruled upon by the circuit court or the probate court, and Ernest failed to file a motion to alter or amend the judgment.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

---

[1] We note that factual questions remain regarding what accounts are payable to the Estate.

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.