**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Wayne Signor, Sr., Appellant.

Appellate Case No. 2023-000575

―――――――――――

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-426
Submitted November 1, 2025 – Filed December 23, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Cynthia Smith Crick, of Greenville, all for Respondent.

―――――――――――

**PER CURIAM:**  Kenneth Wayne Signor, Sr., appeals the circuit court's order denying his motion for an order for removal from the State of South Carolina Sex Offender Registry (the Registry).  On appeal, he argues the circuit court erred

when it failed to credit him for the time between the creation of the Registry and when he was first notified of the requirement to register because the applicable statutes were ambiguous and the State had an affirmative duty to notify him of the requirement to register. Further, he argues he does not have an adequate remedy at law and he should receive equitable relief. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err when it denied Signor's motion because the plain language of section 23-3-462(A)(2)(a) of the South Carolina Code (Supp. 2025) requires an individual be registered for twenty-five years before they apply to the South Carolina Law Enforcement Division (SLED) for removal from the Registry and does not contemplate providing credit to an individual who received delayed notice of the requirement to register. *See Powell v. Keel*, 433 S.C. 457, 462, 860 S.E.2d 344, 346 (2021) ("Determining the proper interpretation of a statute is a question of law, which [an appellate court] reviews de novo." (quoting *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 339, 762 S.E.2d 561, 565 (2014))); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning." (quoting *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007))); *id.* ("In interpreting a statute, '[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation.'" (quoting *Sloan*, 371 S.C. at 499, 640 S.E.2d at 459)); § 23-3-462(A)(2)(a) ("A Tier II offender may file a request for termination of the requirement of registration with SLED in a form and process established by the agency, if the person . . . has been registered for at least twenty-five years[.]"). Although section 23-3-440(1) of the South Carolina Code (2025) requires different state agencies to provide notice to individuals who are required to register, they are instructed to do so within one day of the offender's release. Because Signor was released from incarceration in April 1994, and the statute went into effect in July 1994, this directive could not apply to Signor. *See* § 23-3-440(1) ("The Department of Corrections, the Department of Juvenile Justice, the Juvenile Parole Board, and the Department of Probation, Parole and Pardon Services shall provide verbal and written notification to the offender that he must register with the sheriff of the county in which he intends to reside within one business day of his release.").

We hold equitable relief is unwarranted in light of the fact that Signor, who has been released from prison for over thirty-one years, may apply to SLED to end his requirement to register pursuant to section 23-3-462(A)(2)(b) of the South Carolina Code (Supp. 2025). *See* § 23-3-462(A)(2)(b) ("A Tier II offender may file a request for termination of the requirement of registration with SLED in a form and process established by the agency, if the person . . . has been discharged from incarceration without supervision for at least twenty-five years for the charge requiring registration."); *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989) ("Equitable relief is generally available only where there is no adequate remedy at law."); *id.* ("An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity."); *id.* ("[T]he court's equitable powers must yield in the face of an unambiguously worded statute.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.